**PAN AMERICAN WORLD AIRWAYS, INC., Plaintiff,**

v.

**DIVISION OF LABOR LAW ENFORCEMENT OF the DEPARTMENT OF INDUSTRIAL RELATIONS OF the STATE OF CALIFORNIA, Sigmund Arywitz, as Labor Commissioner thereof, and J. Kenneth Tjoflat, as Deputy Labor Commissioner thereof, Defendants.**

Civ. No. 39989.

United States District Court
N. D. California, S. D.

March 28, 1962.

Athearn, Chandler & Hoffman, San Francisco, Cal., for plaintiff.

Samuel S. Berman, Leon E. Gold, Harold G. Stearn, San Francisco, Cal., for defendants.

Before BONE, Circuit Judge, and HARRIS and OLIVER J. CARTER, District Judges.

PER CURIAM.

Plaintiff aircraft company, which employs about 1,000 pilots throughout the country (300 of whom are based in California), has brought this action against defendant Division, seeking to restrain it from conducting an investigation and a hearing with respect to a dispute between plaintiff and the Airline Pilots Association (called Alpa).

There is no dispute as to the facts. On February 20, 1961, plaintiff company engaged in a dispute with its flight engineers as did most of the other airlines in the country. A three-day work stoppage occurred between February 21st

and 24th. During this period, plaintiff placed its pilots on furlough. When they resumed work, they contended they were entitled to pay for the three-day period in accordance with a labor agreement then in existence and submitted as an Exhibit "A" to the complaint in the present action.

Initially, B. L. McLellan, Chairman of the Local Council of Alpa, filed a grievance pursuant to 45 U.S.C.A. § 154, which section deals with the adjustment system provided for in the Railway Labor Act. 45 U.S.C.A. § 151 et seq.

Three weeks after filing a grievance under the procedure referred to above, McLellan asked for an indefinite postponement. Thereafter, plaintiff received an order from the California State Labor Commission to answer a complaint filed by Mr. McLellan and relating to the furloughing of the pilots. Of the seven counts in the complaint, four charged that the pay of the pilots was illegally docked and the other three were based on the assumption that the pilots were discharged.

Deputy Commissioner Tjoflat conducted a hearing at which plaintiff requested the dismissal of the four counts relating to the docking of pay. It was plaintiff's position that these counts pertained to a dispute growing out of a grievance arising from an interpretation of the labor agreement referred to above and that the federal agency had exclusive jurisdiction. The Deputy Commissioner denied a motion to dismiss and scheduled further hearings. Thereupon, plaintiff instituted the present proceedings and now asks this Court to enjoin defendants from holding further hearings so that the dispute may be settled under the Railway Labor Act.

The California Labor Code sections which are involved in the dispute—204, 225, 222 and 226—deal with improper conduct on the part of an employer in failing to pay wages to his employees. Certain violations constitute a misdemeanor.

It is plaintiff's position that the issue presented to the Labor Commissioner is identical with one which belongs before the Board of Adjustment. Plaintiff argues that defendant Division must necessarily construe the collective bargaining agreement in order to pass upon the wage claims.

Even though the jurisdiction of defendant is limited to California employees the repercussions of the ruling will be national in scope and will have a profound influence on the ultimate disposition of the claims of the great majority of pilots who are employed outside of California. In addition, other airlines are involved.

The recent case of General Electric Co. v. Callahan, 1 Cir., 294 F.2d 60, is relied upon by plaintiff for the relief which it seeks. In this case the Court of Appeals set aside a ruling by the District Court which refused to enjoin action on the part of the Board of Conciliation and Arbitration in Massachusetts. The Court of Appeals held that the Federal Government had preempted the labor relations field in interstate commerce in connection with the dispute which had been presented to the State Board. In its opinion, the Court stated that "after investigating a labor controversy (the Board must) render a written decision to be made public and be open to public inspection advising the parties as to what they should do to end the controversy * * *." In other words, the ruling of the Board would have a powerful effect on disposition on a national level. In like manner, the findings of the tribunal might well be persuasive in the disposition of cases before the Adjustment Board.

Defendants take the position that their role is merely that of a fact finding board, rather than that of a tribunal which must adjudicate a dispute. They concede the facts but argue that this Court should permit the Division to proceed with its investigation and make its determination of whether or not wages have been improperly withheld by plaintiff.

At the outset of these proceedings the late Chief Judge, Louis E. Goodman, convened a three judge court when the request was made by counsel. In the light of the ruling in General Electric Co. v. Callahan, supra, it would appear that it may have been unnecessary to convene such a court. However, there is no question as to the jurisdiction of this tribunal to dispose of the matter now before it. See International Longshoremen's & Warehousemen's Union v. Ackerman, D.C., 82 F.Supp. 65.

It is manifest that the issue presented falls within a field which has been preempted and jurisdiction of the controversy rests with the agency involved, namely, the Railway Adjustment Board. The following cases are dispositive: Slocum v. Delaware, L. & W. Railway Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Texas & N. O. R. v. Brotherhood of Railway & S. S. Clerks, 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034; Transcontinental, etc., Air v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325; General Electric Co. v. Callahan, supra.

The contentions urged by the Division of Labor Law Enforcement that their role is merely that of an investigator are not borne out by the record. It is apparent that an investigation conducted by such division could result, depending upon the findings, in criminal sanctions and penalties. See especially, Sections 215 and 225 of the California Labor Code. Cf. Exhibit "D" attached to complaint.

The grievances of plaintiff may be quickly disposed of and all proceedings foreclosed upon the consummation of the hearing before the Railway Adjustment Board. If California intrudes itself in this dispute its disposition will give rise to a ruling which may lack uniformity on a national scale and preclude the integration which is deemed desirable in a problem of the sort raised by the issues now under consideration.

Accordingly, IT IS ORDERED that defendants be enjoined from holding further hearings in this matter and that plaintiff have judgment for its costs.